IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANIEL STOREY,<br><br>Plaintiff,<br><br>vs.<br><br>TA OPERATING LLC d/b/a TRAVEL CENTERS OF AMERICA,<br><br>Defendant. | CV 23–131–M–DLC<br><br><br>ORDER |

Before the Court is United States Magistrate Judge Kathleen L. DeSoto's Findings and Recommendations. (Doc. 27.) Judge DeSoto entered her Findings and Recommendations on August 23, 2024, recommending that Defendant TA Operating LLC ("TA") Motion to Compel Arbitration (Doc. 7) be granted. (*Id.* at 11.) Judge DeSoto further recommends that this matter be stayed until the parties complete arbitration. (*Id.*) Plaintiff Daniel Storey filed objections to the Findings and Recommendations (Doc. 33), and thus is entitled to a de novo review of those findings to which he specifically objects. 28 U.S.C. § 636(b)(1). A proper objection must "itemize" each factual finding and recommendation to which objection is made, "identifying the evidence in the record the party relies on to contradict that finding . . . [and] setting forth the authority the party relies on to contradict that recommendation." D. Mont. L.R. 72.3(a). The Court reviews for clear error those findings and recommendations to which no party

- 1 -

objects. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (internal quotation marks omitted). For the reasons herein, the Court adopts Judge DeSoto's Findings and Recommendations in full.

## BACKGROUND

On October 14, 2020, Storey filed this action in Montana's Fourth Judicial District Court alleging that TA wrongfully discharged Storey's employment in violation of Montana's Wrongful Discharge from Employment Act ("WDEA"), Montana Code Annotated Section 39-2-901. (Doc. 5 ¶ 12.) On November 2, 2023, TA removed the action to the United States District Court, District of Montana. (Doc. 1.) One week later, TA filed the present motion to compel arbitration, arguing that Storey entered into an enforceable agreement to arbitrate ("the Agreement"). (Doc. 7.) In response, Storey argued that he never entered into an agreement to arbitrate with TA. (Doc. 16 at 2.) Storey also attested, through a declaration submitted to the Court, that the signature found on the Agreement did not belong to Storey. (Doc. 16-1 at 1–2.)

On August 22, 2024, Judge DeSoto held an evidentiary hearing pursuant to 9 U.S.C. § 4 to determine whether the parties entered into the Agreement. (Doc. 27

at 1.) At the hearing, Judge DeSoto heard testimony from Jen Speck, Director of Team Member Relations for TA. Speck testified regarding her job duties and responsibilities at TA, as well as her knowledge of TA's practices regarding arbitration agreements like the Agreement. (Doc. 31 at 9–10.) During the hearing, Speck reviewed Storey's personnel file and testified that it was a true and accurate copy. (*Id.* at 16–17.) When counsel for TA moved to admit the personnel file, counsel for Storey objected, arguing that Storey had not signed the Agreement himself. (*Id.* at 17.) Judge DeSoto overruled the objection and admitted the personnel file into evidence. (*Id.*)

Storey also testified. Importantly, he stated that while he does not remember signing the Agreement, the name affixed to the signature page appeared to be the printed version of his name. (*Id.* at 31.)

Ultimately, Judge DeSoto determined that based on the evidence produced at the hearing, TA had established by a preponderance of the evidence that the parties had indeed entered into the Agreement. (*Id.* at 10.)

## DISCUSSION

### I. Authentication of Arbitration Agreement

Storey objects to Judge DeSoto's finding that a valid, enforceable arbitration agreement exists, claiming that at the evidentiary hearing, the arbitration record was not properly authenticated. (Doc. 33 at 4.) In response, TA argues that the

Agreement was properly authenticated through the testimony of Speck. (Doc. 34 at 3–4.) The Court has thoroughly reviewed the transcript of the evidentiary hearing and finds that Judge DeSoto's ruling was proper.

Under Federal Rule of Evidence 901(b)(1), "a witness with knowledge of a document can authenticate it by testifying that [the document] is what it claims to be." *United States v. Estrada-Eliverio*, 583 F.3d 669, 672 (9th Cir. 2009) (internal quotation marks omitted).

At the evidentiary hearing, Speck testified that she began working for TA in February 2020 as the Director of Team Member Relations and Compliance. (Doc. 31 at 7.) While Speck's title changed to Director of Team Member Relations in September 2023, her job duties and responsibilities have not changed significantly. (*Id.* at 8–9.) Speck testified that in her role, she is responsible for maintaining employee personnel files and reviewing onboarding paperwork. (*Id.* at 9.) Importantly, Speck testified that she is responsible for ensuring that an arbitration agreement is signed during the onboarding process of every new employee and that the signed arbitration agreement is in each personnel file. (*Id.*)

Speck also testified that she is familiar with TA's current and historic processes for onboarding, including the process that was used in 2012 to administer the Agreement. (*Id.* at 10–14.) Speck explained that she gained this knowledge through training and by reviewing personnel files that date back to

2012. (*Id.* at 11.) Between 2020 and 2022, Speck participated in a review of TA's applicant tracking system and onboarding process, which increased her familiarization with TA's historical practices regarding onboarding and the administration of the Agreement. (*Id.*) Through the review, Speck learned that the procedure in place in 2012 required new employees to sign an arbitration agreement in order to be permitted to work at TA. (*Id.*) Speck also testified regarding where TA kept the signed arbitration agreements and where personnel files were kept. (*Id.* at 12–13.) Speck testified that personnel files are locked up and very few team members have access to them. (*Id.* at 14.)

Counsel for TA presented Exhibit F— Storey's personnel file, which included a signed copy of the Agreement—to Speck. Speck testified that she recognized and was familiar with the Exhibit. (*Id.* at 16.) Speck testified that it was a true and accurate copy of the file, and that she had no reason to believe that it was a different version of the personnel file than the one TA maintained. (*Id.* at 16–17.) Counsel for TA than moved for admission of the personnel file. (*Id.* at 17.)

TA argues that Speck could not properly authenticate the Agreement because she "was not present during Storey's onboarding process, . . . she has not seen the [] Agreement in Storey's personnel file, and her belief that the language in

the Agreement was used when Storey was hired and 'on-boarded' came from hearsay statements of other employees of the Defendant." (Doc. 33 at 9.)

The Court rejects Storey's argument. Rule 901(b)(1) "provides that a witness with knowledge of a document can authenticate it by testifying that it is 'what it is claimed to be.'" *U.S. v. Estrada-Eliverio*, 583 F.3d 669, 672 (9th Cir. 2009). Speck's testimony established that she had the requisite knowledge that the Agreement was part of the personnel file, the business record. The personnel file, including the signed Agreement, was properly authenticated and entered into evidence. Storey's objection is overruled.

## II. Hearsay

Next, Storey objects to Judge DeSoto's findings and recommendations by arguing that the Agreement was inadmissible hearsay. (Doc. 33 at 6.) Specifically, Storey claims that the business record exception does not apply to the Agreement because "the entire agreement was not maintained in Storey's personnel file. Nor was it the Defendant's practice to maintain a fully executed arbitration agreement in any of its employees' personnel files, rather it only maintained the signature page." (*Id.*)

In response, TA argues that: (1) Storey waived this argument by not objecting at the evidentiary hearing; (2) the Court should not focus on the Agreement's form when ruling on a motion to compel arbitration, so long as the

contents are in an admissible form at trial; and (3) the Agreement and signature page are admissible as documents of independent legal significance and business records. (Doc. 34 at 10–14.) The Court agrees with TA that Storey's objection must be overruled because it is untimely.

A week before the evidentiary hearing, the parties submitted a joint status report. (Doc. 25.) Through the status report, the parties identified the exhibits they planned to introduce into evidence and the witnesses they expected to call to testify. (*Id.* at 2–4.) The parties then identified evidentiary issues they had with the proposed exhibits. (*Id.* at 5–6.) Storey noted that he objected to authenticity of Exhibits A through F. TA objected to the admissibility of Exhibit 1 and Exhibit 2 on the grounds that they were inadmissible hearsay. (*Id.* at 5.) Storey could have raised his hearsay objection to the admission of Exhibit F—the Agreement—in the status report. Storey also could have raised his objection in the evidentiary hearing. Storey's hearsay objection is untimely at this juncture, and therefore it must be overruled. *See Hendon v. Baroya*, 2012 WL 995757, at *2 (E.D. Cal. Mar. 23, 2012).

Reviewing the remainder of the Findings and Recommendations for clear error, the Court finds none.

Accordingly, IT IS ORDERED that Judge DeSoto's Findings and Recommendations (Doc. 27) are ADOPTED IN FULL. Defendant TA Operating's motion to compel arbitration (Doc. 7) is GRANTED.

IT IS FURTHER ORDERED that this matter is STAYED until the parties complete arbitration.

DATED this 21st day of October, 2024.

/s/ Dana L. Christensen
Dana L. Christensen, District Judge
United States District Court